IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> RICHARD P. BACCARI and <br> CHURCHILL & BANKS <br> COMPANIES, LLC <br> Defendants. | 13-CR-150-M-PAS |

## ORDER

Defendants Richard P. Baccari and Churchill & Banks Companies, LLC filed five motions to attempt to crystallize certain issues and claims before trial. Before the Court are a Motion to Dismiss the Indictment relating to intraconspiracy conduct and economic extortion (ECF No. 43), a Motion *in Limine* regarding John Zambarano's out-of-court statements (ECF No. 41), a Motion Seeking an *In Camera* Inspection of the grand jury minutes (ECF No. 47), a Motion to Dismiss the Indictment on the grounds of prosecutorial misconduct (ECF Nos. 44, 46), and a Motion to Release Certain Matters Filed Under Seal. (ECF No. 60.) The Court received extensive briefing and heard oral arguments on all motions. After due consideration, the Court rules as follows:

1. **ECF No. 43 - Motion to Dismiss – intraconspiracy conduct and economic extortion**

Count 1 charges Defendants with a bribery conspiracy to corruptly violate both the paying and receiving offenses of 18 U.S.C. § 666. Count 2 charges them with corruptly paying a bribe to influence Town of North Providence officials also in violation of 18 U.S.C. § 666.

Defendants ask the Court to dismiss the Indictment for two reasons. First, citing *United States v. Brock*, 501 F.3d 762 (6th Cir. 2007), Defendants assert that because the Indictment only alleges intraconspiracy conduct it fails as a matter of law to charge a crime. Second, they assert that any payments that Defendants made to a public official were extorted under economic duress[1] and therefore, the Government cannot prove that Defendants acted "corruptly" as is required by 18 U.S.C. § 666.

The Court must first consider the sufficiency of the Indictment.

> '[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' 'It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'

*United States v. Cianci*, 378 F.3d 71, 81 (1st Cir. 2004) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Upon review of the Indictment in light of the standard above, the Court finds that because it tracks the language of the statute and includes substantial factual allegations that fairly inform Defendants of the charges against them, the Indictment does not fail as a matter of law to set forth the crime of conspiracy to commit a violation of 18 U.S.C. § 666.

Defendants' reliance on the *Brock* case is misplaced mainly because that case involved a violation of the Hobbs Act. The Government has not charged Defendants under the Hobbs Act because that Act only applies to those who receive bribes, not to those who pay bribes. The Government has charged Defendants with conspiracy to agree to *both* pay and receive a bribe in violation of 18 U.S.C. § 666 because that section covers both the giving and receiving of bribes.

---

[1] Defendants were clear that they are not intending to make any admission of fact in their motions; rather they are simply asserting legal arguments in response to allegations the Government has made. Similarly, the Court is not asserting that any facts are true or proven, but merely reciting them as they relate to the parties' legal arguments.

Furthermore, Defendants' argument about intraconspiracy conduct fails because the person giving the bribe does not have to be outside the conspiracy in order to be charged with conspiracy to violate 18 U.S.C. § 666. *United States v. Abbey*, 560 F.3d 513, 520 n.8 (6th Cir. 2009) (distinguishing the Hobbs Act and finding that "one can be convicted of conspiring to bribe themselves because they are still part of the conspiracy" under 18 U.S.C. § 666.)

Defendants' second ground advocating dismissal also fails. They argue that the Government cannot prove that Defendants acted "corruptly" as the statute requires because they acted under duress of economic extortion. The Government cites to the holding in *United States v. Cormier-Ortiz*, 361 F.3d 29, 39 (1st Cir. 2004), where the First Circuit held that an innocent victim defense may be argued against a Hobbs Act case, but not against a conspiracy to violate 18 U.S.C. § 666.

In support of their positions to the Court, both sides point to facts in the Indictment and to arguments made during the Ciresi trial, but it is well established in our jurisprudence that the jury, not the Court, decides the facts as developed at trial. It will be the Government's burden to prove to the jury that Defendants, or any one of them, acted corruptly because that is an essential element of the charge against them. Therefore, the issue of whether Defendants acted corruptly or had the *mens rea* to violate the statute is an issue the jury must decide based on the evidence adduced at trial. Defendants may make any legal argument rooted in their economic duress defense once the evidence is received at trial.

Defendants' Motion to Dismiss due to intraconspiracy conduct and economic extortion (ECF No. 43) is DENIED.

2. **ECF No. 41 - Motion *in Limine* – Mr. Zambarano's out-of-court statements**

This motion involves John Zambarano's out-of-court statements and whether their admission at trial would violate Defendants' constitutional rights.[2] Defendants concede that United States Supreme Court precedent negates a finding of a Sixth Amendment confrontation clause violation because the statements in question here are non-testimonial. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). Alternatively, Defendants seek a court order excluding those statements under a Fifth Amendment due process analysis because they claim that the statements are unreliable and false and the admission thereof would violate the Fifth Amendment's guarantee of fundamental fairness. Additionally, Defendants advocate exclusion under Fed. R. Civ. P. 403 because the statements' probative value is outweighed by unfair prejudice.

The Fifth Amendment's guarantee of fundamental fairness is paramount. The Constitution, along with the Federal Rules of Evidence and Criminal Procedure, facilitate the achievement of that overriding goal in this instance. Specifically as to Defendants' motion, Federal Rule of Evidence 801(d)(2)(E) provides that statements by co-conspirators made in furtherance of the conspiracy are not hearsay and are admissible. Evidence Rule 806 ensures fairness by providing that when a statement described in Rule 801(d)(2)(E) "has been admitted into evidence, the declarant's credibility may be attacked, and then supported by any evidence that would be admissible for those purposes if the declarant had testified as a witness." Thus, Defendants' Fifth Amendment due process concerns are addressed in the context of the Federal

---

[2] There does not appear to be any challenge at this stage for purposes of this motion that Mr. Zambarano and Defendants were members of a conspiracy when he made the statements and that he made the statements in furtherance of the conspiracy. *United States v. Ciresi*, 697 F.3d 19, 25-26 (1st Cir. 2012), *cert. denied*, 133 S.Ct. 1511 (2013)

Rules of Evidence and do not provide an independent basis for exclusion of Mr. Zambarano's statements.

Moreover, none of Defendants' arguments causes this Court to conclude that their constitutional rights will be violated or that they will be unfairly prejudiced if the out-of-court statements are admitted against them. Defendants may satisfy any concerns they have about whether Mr. Zambarano's statements are unreliable, false, factually untrustworthy, and contradictory through cross-examination that the Court presumes will be largely admissible under Fed. R. Evid. 806. The Court is satisfied that use of these statements will not violate due process or Rule 403 and is within the rules. In fact, the Court of Appeals for the First Circuit upheld the use of these very same out-of-court statements in the case involving one of Defendants' alleged co-conspirators. *Ciresi*, 697 F.3d at 29-30.

Defendants' Motion *in Limine* (ECF No. 41) is DENIED.

3. **ECF No. 47 - Motion for an *In Camera* Inspection of the Grand Jury Minutes and to Dismiss**

Defendants ask this Court to review *in camera* the grand jury minutes and then to dismiss the Indictment alleging that the Government presented information to the grand jury that it knew to be materially false and that materially prejudiced them. Alternatively, Defendants ask the Court to strike the prejudicial allegations (¶¶ 28 and 29) from the Indictment.

Both parties acknowledge the stringent standard Defendants must meet in order to convince the Court to disclose the grand jury minutes. Defendants must show intentional misconduct by the Government. *United States v. Flores-Rivera*, 56 F.3d 319, 327-28 (1st Cir. 1995). It is not sufficient to show inconsistencies in the evidence. *United States v. Casas*, 425 F.3d 23, 38 (1st Cir. 2005) (a defendant is required to show that the Government presented false evidence to the grand jury and that the prosecutor knew it).

Based on their presentation to the Court, Defendants have failed to show that there was materially false information presented to the grand jury. The Court agrees with the Government that "[a]t bottom, the defendants have identified a potential inconsistency between two pieces of evidence both of which were submitted to the grand jury for its consideration, and which the defendants will have ample opportunity to explore at trial." (ECF No. 53 at 1-2.) Therefore, there is no basis for the Court to conduct an *in camera* review of the grand jury testimony. Defendants have further failed to show that the Government knew it presented materially false information and therefore, any motion to dismiss the Indictment based upon government misconduct is denied.

The Court also denies Defendants' motion to strike Indictment ¶¶ 28 and 29. Again, Defendants should put any disputes arising from inconsistent or conflicting facts before the jury for their consideration and resolution.

Defendants' Motion for an *In Camera* Inspection and to Dismiss (ECF No. 47) is DENIED.

   4.   **ECF No. 44/46 - Motion to Dismiss Due to Prosecutorial Vindictiveness**

Defendants claim that the Government brought the Indictment against them "in retaliation against Mr. Baccari and his Company Churchill & Banks, Companies, LLC., because his Counsel refused to agree to have him meet with the United States' Attorney's Office in May of 2010." (ECF No. 46 at 4.) As evidence of this, they point to others "far more culpable" than them who were not prosecuted in a similar bribery scheme in which Mr. Zambarano was allegedly involved. The Government denies that it filed the charges against Defendants because Mr. Baccari declined the proffer.

"A defendant may establish a vindictive prosecution either (1) by producing evidence of actual vindictiveness or (2) by demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness." *United States v. Jenkins*, 537 F.3d 1, 3 (1st Cir. 2008) (citing *United States v. Marrapese*, 826 F.2d 145, 147 (1st Cir. 1987)). The prosecution may rebut the presumption of vindictiveness by showing objective reasons for the charges. *See United States v. Goodwin*, 457 U.S. 368, 374 (1982).

The Court presumes that prosecutors act in good faith. *United States v. Bucci*, 582 F.3d 108, 113 (1st Cir. 2008). Defendants have failed to offer any direct evidence of "actual vindictiveness," *Jenkins*, 537 F.3d at 3, and other than rank speculation as to motive and timing of the Indictment, offer nothing to "reveal a sufficient likelihood of vindictiveness" to warrant the presumption. *Id.* The Government's exercise of prosecutorial discretion in not charging others allegedly involved in another of Mr. Zambarano's alleged bribery schemes does not in any way rebut the presumption of the Government's good faith or overcome the objective reasons the Government has given for charging Defendants in this case.

Defendants' Motions to Dismiss based on prosecutorial vindictiveness (ECF No. 44 and 46) are DENIED.

### 5. ECF No. 60 - Motion to Release Certain Matters Filed under Seal

Defendants filed a Motion to Unseal Certain Documents and for the *In Camera* Inspection of the Zambarano Pre-Sentence Report ("PSR"). (ECF No. 60.) The Government did not object to the unsealing. The Court issued an order finding the unsealing and disclosure appropriate, but allowing Mr. Zambarano a chance to object. (ECF No. 61.) He objected on the ground that the matters contained therein are highly personal and privileged. (ECF No. 65.)

The Court overrules Mr. Zambarano's objection and orders the requested documents to be unsealed. The parties and their attorneys may review them, but Defendants are prohibited from disseminating them at this time to anyone other than the parties and their attorneys of record in this case. The materials shall not be copied or distributed unless Defendants give the Court, the Government, and Mr. Zambarano reasonable notice and upon further order of the Court.

Defendants' Motion to Release Certain Matters filed under seal (ECF No. 60) is GRANTED to the extent stated herein.

**CONCLUSION**

The Court DENIES Defendants' Motion to Dismiss intraconspiracy conduct and economic extortion (ECF No. 43), Motion *in Limine* (ECF No. 41), Motion for an *In Camera* Inspection and to Dismiss (ECF No. 47), and Motions to Dismiss based on prosecutorial vindictiveness (ECF No. 44 and 46). The Court GRANTS to the extent stated herein Defendants' Motion to Release Certain Matters Filed Under Seal. (ECF No. 60.)

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

June 18, 2014