IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>RICHARD P. BACCARI and<br>CHURCHILL & BANKS<br>COMPANIES, LLC<br>Defendants. | 13-cr-150-M-PAS |

## ORDER

In response to this Court's rulings on Defendants' Second Motion in Limine (ECF No. 76) seeking to admit certain statements made in the prosecution and sentencing of alleged co-conspirators (*See* ECF No. 93 for a transcript of the individual rulings), the Government filed a Notice with the Court (ECF No. 97) seeking to introduce additional evidence pursuant to the rule of completeness (Fed. R. Evid. 106), as well as Fed R. Evid. Rules 801(d)(1)(B) (statements consistent with declarant's testimony offered in rebuttal) and 806 (credibility of a hearsay declarant) "to provide completeness and context with respect to statements the Court ruled admissible." (ECF No. 97 at 1). The Defendants objected to the Government proffer. (ECF No. 100).

After a review of the requested additional submissions by the Government and the briefing by all parties, the Court rules as follows as to the additional material the Government seeks to introduce in response to the Defendants' proffer of evidence[1]:

---

[1] If the Defendants do not introduce a particular piece of evidence, then the proffer in response to it from the Government would not be admitted absent an independent basis for its admission.

**1 and 2.** The entire opening statements transcript in *U.S. v. Robert Ciresi* from pages 20 through 34 <u>will not be admitted</u>. The passages immediately preceding and following the Defendants' proffered section (Tr. at 20, line 1 through p. 22, line 1) <u>will be admitted</u> for completeness, as long as any reference to the judge or to Judge Lisi is redacted. The remaining two sections (Tr. at 28, line 25 through p. 29, line 4; and p. 34, lines 12-15) <u>will not be admitted</u>.

**4.** The transcript portion from Mr. Ciresi's trial that the Government proffers (Day 3, Tr. at 72, line 6 through p. 73, line 8) <u>will not be admitted</u>.

**10.** The transcript portions the Government proffers (Tr. at 30, lines 18-19; Tr. at 7, lines 5-9; Tr. at 22, line 18 through p. 23, line 9; and Tr. at 25, line 17 through p. 26, line 17) <u>will not be admitted</u>.

**11, 13, and 14.** The Government offered no additional proffer.

**16.** The transcript portion from Mr. Zambarano's sentencing that the Government proffers (Tr. at 4, lines 3-7) <u>will not be admitted.</u>

**18.** The transcript portions from Mr. Zambarano's sentencing the Government proffers (Tr. at 5, line 21 through p. 6, line 10; Tr. at 5, lines 6-15; and Tr. at 6, lines 8-21) <u>will not be admitted</u>. The Court ruled the statement proffered by the Defendants was admissible pursuant to Fed. R. Evid. 806 (credibility of hearsay declarant), and the additional sections proffered by the Government is not relevant for that purpose.

**20.** The Court, pursuant to the Government's request at the time, will inform the jury that the transcript section proffered by the Defendants concerns another bribe/extortion and not the one for which these Defendants are on trial. Additionally, the transcript portion from Mr. Ciresi's sentencing the Government proffers (Tr. at 14, lines 10-18) <u>will not be admitted</u>. The

remaining transcript portion (Tr. at 25, line 8 through p. 26, line 14) will be admitted for completeness.

**22, 23, and 24.**   The cited portion of the Government's Response to Defendant [Mr. Ciresi]'s Motion for New Trial (10-cr-76ML, ECF No. 192 at p. 5), will be admitted.

**28.**   The cited portion of the Government's Brief in Opposition at page 25 that the Government proffers will not be admitted.

**29.**   The additional portion of the Letter from Mr. Zambarano to the Government dated January 26, 2014 (Exhibit K) that the Government proffers will not be admitted.

**30.**   The additional portions of the Letter from Mr. Zambarano to the Government dated March 5, 2014 (Exhibit L) that the Government proffers will not be admitted pursuant to Fed. R. Evid 403.

**N.**   The Government requests that the entire FBI 302 interview of Mr. Zambarano statement dated May 26, 2010 be admitted. The Court will not rule at this time, but will rule at the time the Defendants offer a portion of it at trial in order to better assess how and in what context the interview is used by the Defendants.

**O.**   The indictment that resulted in the judgment of conviction of John A. Zambarano filed 5/17/11 will not be admitted.

IT IS SO ORDERED:

_/s/ John J. McConnell_

John J. McConnell, Jr.
United States District Judge

October 10, 2014